OPINION
Appellant Dennis Burns appeals a judgment of the Stark County Common Pleas Court adjudicating him to be a sexual predator (R.C.2950.09):
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
In 1966, when appellant was 18 years old, he committed murder, for which he was sentenced to life in prison. Appellant beat a young retarded woman, who refused to have sex with him. Appellant had previously met the woman, and believed that she would have sex with him. He became angry when she refused, and he raped and beat her. She died later the same day. On October 9, 1973, appellant escaped from the Marion Correctional Institution, where he was serving the life sentence. Approximately one day after his escape, appellant raped two fifteen-year-old girls who were walking home from Timken High School in Canton. He used a make-shift knife, which he made with a file, and forced the young women to a vacant lot. He raped both women, threatening them with physical harm if they did not cooperate. After trial in the Stark County Common Pleas Court, appellant was convicted of two counts of rape and two counts of abducting for immoral purposes. He was sentenced to three to twenty years incarceration on each count of rape, and five to twenty-five years incarceration on each count of abduction. The prison terms were to run consecutively with each other. This court affirmed the conviction and sentence. Pursuant to R.C. Chapter 2950, the Ohio Department of Rehabilitation and Corrections recommended that appellant be classified a sexual predator. Following a hearing, the court adjudicated appellant to be a sexual predator. I Appellant argues that the court erred in overruling his motion to dismiss on the basis that R.C. 2950.09
violates the United States Constitution's prohibition against ex post facto laws. The Ohio Supreme Court has considered and rejected this constitutional claim. State v. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus. The first assignment of error is overruled.
 II
Appellant argues that his sexual predator classification violates the double jeopardy clauses of the Ohio and the United States Constitutions. The Ohio Supreme Court has recently held that House Bill 180, which amended R.C. 2950 to enact Ohio's sexual offender registration program, does not violate double jeopardy. State v. Williams (2000), 88 Ohio St.3d 513, 528. The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues that R.C.2950 is unconstitutionally vague. In Williams, supra, the Ohio Supreme Court concluded that the statute provides an adequate standard by which to make a sexual predator determination, and is not impermissibly vague in all applications. Id. at 534. The court therefore concluded that a facial challenge to the statute on the basis of vagueness will not be sustained. Id. The third assignment of error is overruled.
 IV
Appellant argues that the finding that he was a sexual predator is not supported by clear and convincing evidence. While appellant concedes that he was convicted of a sex offense, he argues that there was no evidence that he was likely to re-offend. A judgment supported by some competent, credible evidence supporting each element of the case will not be reversed by a reviewing court as against the weight of the evidence. C.E. Morris Company v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. In making a determination that an offender is a sexual predator, the court is to consider all relevant factors, including, but not limited to, the following: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09 (B)(2).
The trial court had competent, credible evidence upon which it could conclude that appellant was a sexual predator by clear and convincing evidence. At age eighteen, appellant raped and beat to death a young retarded woman when she refused to allow him to have sex with her. Seven years later, within one day of escaping from prison, appellant created a make-shift knife, abducted and threatened two fifteen-year-old high school girls walking home from school, and raped each of the girls. The fact that appellant re-offended at his very first opportunity to do so is extremely probative evidence of his likelihood to re-offend. At the hearing, appellant relied on a report summary from the Magellan Sex Offender's Treatment Program, which he participated in and completed while in prison. The summary of his progress in the Magellan Program included an opinion that as appellant nears the age of 50, his likelihood of violence or rape, given his thinking and emotional pattern, seems to be significantly diminished. The psychologist writing the report was of the opinion that a great deal had changed in appellant in the last 33 years, and he does not represent the serious risk to the public that he did when he first came to prison. However, the psychologist concluded that if released, appellant should be released with the support and supervision of a half-way house program, as he would need to develop skills to learn to live in a community outside of prison. The court concluded that the Magellan summary does not rise to the level of expert testimony. Clearly, the court was free to give the Magellan summary whatever weight it chose in weighing the relevant factors set forth in the statute. Completion of the sex offender treatment program is merely one factor to enter into the court's decision. Based on the evidence before the court of appellant's immediate recidivism upon his escape from prison in 1973, the court could conclude that appellant was likely to re-offend. The fourth assignment of error is overruled.
 ______________________ Gwin, P.J.,
By Edwards, J., and Reader, V. J., concur